COREY D. BODDIE, SBN 289185
ATTORNEY AT LAW
BODDIE & ASSOCIATES, P.C.
10940 WILSHIRE BLVD, SUITE 1600
LOS ANGELES, CA 90024
TEL.: (310) 873-3722
FAX.:  (323) 999-5143
COREY@BODDIEASSOC.COM

ATTORNEY FOR THE PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MARVEZ, an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>UPROAR ENTERTAINMENT, a California Corporation and DOES 1-20 INCLUSIVE.<br><br>Defendants | Case No.: 2:22 CV 2866<br><br>COMPLAINT FOR DAMAGES<br><br>1. COPYRIGHT INFRINGEMENT 17 U.S.C. Section 106, 501 and 504);<br>2. BREACH OF CONTRACT;<br>3. ACCOUNTING |

JURY TRIAL DEMANDED

## INTRODUCTION

Plaintiff MONIQUE MARVEZ hereby alleges the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the common law of California. Pursuant to 28 U.S.C. § 1338 this court has jurisdiction.

2.      Personal jurisdiction of this Court over Defendant is proper as Defendant regularly conduct business within this judicial district. In addition, one or more acts of the injuries sustained took place in this district.

3.      Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §1391(c) because one or more of the claims arose in this district. Defendant regularly conduct business within this district. Furthermore, a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## PARTIES

4.      At all times hereinafter mentioned, Plaintiff, MONIQUE MARVEZ (hereinafter "MARVEZ" or "PLAINTIFF"), is a resident of the State of California and engaged in conducting business in California and in this judicial district.

5.      Defendant, UPROAR ENTERTAINMENT (hereinafter "UPROAR" or "DEFENDANT") is a corporation incorporated in the state of California. UPROAR is engaged in conducting business in this judicial district, venue is proper in this Court.

6.      Plaintiff is informed and believe and, based upon such information and belief, allege that DOES 1 through 20 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

17.     Plaintiff are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

18.     Plaintiff is informed and believe, based on such information and belief, allege that Defendants, and each of them, are, and at all times herein mentioned were,

2

COMPLAINT FOR DAMAGES

the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint-venture. Plaintiff is further informed and believe and, based upon such information and belief, alleges that the acts and conduct herein alleged of each such Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## STATEMENT OF FACTS

19. Plaintiff MONIQUE MARVEZ is a successful comedian and the author of the original compositions listed in Exhibit A, (hereinafter the "Compositions" or "Infringed Compositions"). Plaintiffs owns the rights and title to the copyright in the Infringed Compositions as authors and composers and has been registered with the United States Copyright Office as Copyright Registration Numbers SR 913-256, SR 906-514, SR 906-492 and SR 906-495. (*See* Exhibit A).

20. On December 26, 1997, the Plaintiff and UPROAR, a comedy entertainment company, entered into a recording agreement (hereinafter "Recording Agreement") (See Exhibit B) whereby Plaintiff assigned to UPROAR the exclusive rights to reproduce and distribute ONLY the Master Sound Recordings. The Recording Agreement also reads, "Artist retains 100% of the material performed on said Master Sound Recording, however no ownership of the Master Sound Recording itself." Plaintiff assigned no other rights to UPROAR and maintains all other rights, including mechanical rights.

21. The Recording Agreement also reads, "Artist agrees to to accept and Uproar agrees to pay as payment for the rights herein contained, an advance against royalties a sum of $1,000…and a sliding royalty scale for U.S. and Canada as follows: 12% of the suggested retail price…up to

1  25,000 units sold; 14% from 25,001 to 50,000 units sold; 18% over 50,000 units sold and 20%
2  over 100,000 units sold."
3  22.     To date, the Plaintiff has received approximately $110.24 in royalties since 1997.
4  23.     On March 6, 2000, UPROAR entered into a license agreement (hereinafter "License
5  Agreement") with Comedy World Inc., whereby UPROAR purported to grant Comedy World
6  Inc. an "exclusive, irrevocable license to use, edit, modify, include, incorporate, adapt, record for
7  broadcast only, repurpose…in any manner whatsoever…" (*See* Exhibit C).
8  24.     The License Agreement also reads, "The rights granted hereunder…shall include all
9  rights to produce for broadcast only, exhibit, transmit, cybercue, broadcast, advertise, market,
10 publicize, promote and sublicense…on terrestrial radio, satellite radio and internet and in
11 connection with all derivative work herein…" (*See* Exhibit C).
12 25.     The Plaintiff did not consent to the licensing of her compositions by UPROAR to any
13 third party, including Comedy World Inc.
14 26.     It is Plaintiff's belief that UPROAR submitted the compositions to YouTube, and/or
15 other entities, whereby an unauthorized channel of the compositions are currently streaming.
16 27.     On September 10, 2021, Plaintiff notified UPROAR, through counsel, that the Plaintiff
17 did not consent to unauthorized YouTube channel, she was not contacted by UPROAR regarding
18 any such license with YouTube, nor was she paid any royalties as per the Recording Agreement
19 nor was any mechanical royalties paid to the Plaintiff. (*See* Exhibit D).
20 28.     It is Plaintiff's belief that UPROAR may have licensed the unauthorized compositions to
21 other entities without her permission, nor were royalties paid to Plaintiff.
22 29.     It is Plaintiff's belief that after continuous infringement since 1997, UPROAR continues
23 to license the unauthorized composition without Plaintiff's consent and has not paid Plaintiff

monies made from such unauthorized license.

30. On October 12, 2021, through counsel, Plaintiff notified UPROAR and demanded an accounting of all "all monies distributed relating to the compositions and pay all deprived monies due …based on the unauthorized and illegal use…" of the composition. (*See* Exhibit E).

31. To date, Plaintiff has only received an accounting from 2019 to 2021 from UPROAR. (*See* Exhibit F).

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

(By Plaintiff against all Defendants)

32. Plaintiff repeats, realleges and incorporates herein this reference paragraphs 1 through 31 and above, inclusive, as though, fully set forth herein.

33. The Compositions written by Plaintiff is an original work of authorship and registered with the United States Copyright Office. The infringed composition complies with all statutory and other applicable formalities. Attached hereto are true and correct copies of the U.S. Copyright Registrations as Exhibit A.

34. Defendants, without the permission or consent of Plaintiff, and without authority infringed upon Plaintiffs' copyright and exclusive rights in the Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §106 and §501.

35. Defendants' acts of infringement has been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

36. Defendants' conduct is causing, and unless immediately enjoined, will continue to cause enormous and irreparable harm to Plaintiffs. Defendants' conduct must be stopped and Plaintiff must be compensated for Defendants' willful acts of infringement.

37. Defendants do not have any authorization, permission or consent to use the infringed compositions beyond the rights to reproduce and distribute.

38. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to her actual damages plus Defendants' profits from infringement.

39. Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

(By Plaintiff against Defendant Uproar Entertainment)

40. Plaintiff repeats, reallege and incorporate herein this reference paragraphs 1 through 39 and above, inclusive, as though, fully set forth herein.

41. Plaintiff and UPROAR entered into a recording agreement whereby Plaintiff assigned to UPROAR the exclusive rights to reproduce and distribute ONLY the Master Sound Recordings. Plaintiff assigned no other rights to UPROAR and maintains all other rights, including mechanical rights.

42. On March 6, 2000, UPROAR entered into a license agreement with Comedy World Inc., whereby UPROAR purported to grant Comedy World Inc. an "exclusive, irrevocable license to

use, edit, modify, include, incorporate, adapt, record for broadcast only, repurpose…in any manner whatsoever…"

43. The License Agreement also reads, "The rights granted hereunder…shall include all rights to produce for broadcast only, exhibit, transmit, cybercue, broadcast, advertise, market, publicize, promote and sublicense…on terrestrial radio, satellite radio and internet and in connection with all derivative work herein…"

44. It is Plaintiff's belief that UPROAR breached the agreement by submitting the compositions to YouTube, and/or other entities, whereby an unauthorized channel of the compositions are currently streaming.

45. Such submission by UPROAR was not to reproduce or distribute the compositions. The Plaintiff did not consent to the licensing of her compositions by UPROAR to any third party, including, but not limited to Comedy World Inc. and YouTube.

46. UPROAR breached the agreement by licensing certain rights that were not given to them in the recording agreement to Comedy World Inc. and possibly other companies.

47. It is Plaintiff's belief that UPROAR also breached the agreement by not paying Plaintiff all monies due to Plaintiff according to the agreement and only paying $110.24 since December 26, 1997.

### THIRD CAUSE OF ACTION
### ACCOUNTING
(By Plaintiff against all Defendants)

47. Plaintiff repeats, reallege and incorporate herein this reference paragraphs 1 through 46 and above, inclusive, as though, fully set forth herein.

48. On September 10, 2021, Plaintiff notified UPROAR, through counsel, that the Plaintiff did not consent to unauthorized YouTube channel, she was not contacted by UPROAR regarding

7

COMPLAINT FOR DAMAGES

any such license with YouTube, nor was she paid any royalties as per the Recording Agreement nor was any mechanical royalties paid to the Plaintiff.

48. On October 12, 2021, through counsel, Plaintiff notified UPROAR and demanded an accounting of "all monies distributed relating to the compositions and pay all deprived monies due …based on the unauthorized and illegal use…" of the composition.

49. To date, Plaintiff has only received an accounting from 2019 to 2021 from UPROAR.

50. The Court should accordingly enter an order directing UPROAR to account to Plaintiff for all monies received by UPROAR since December 26, 1997 on behalf of the Plaintiff's compositions.

WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

ON THE FIRST CAUSE OF ACTION

1. Damages and profits in such amount according to proof.
2. For accounting from Defendants attributable to their infringements of Plaintiff's copyright in the Composition.
3. Prejudgment interest in an amount according to proof;
4. For a preliminary and permanent injunction prohibiting Defendant in continuing to infringe Plaintiffs' copyright in the infringed composition;
5. For Plaintiff's attorneys' fees, costs, and disbursements in this action; and,
6. Such other relief as the court may deem proper.

ON THE SECOND CAUSE OF ACTION

1. General damages in an amount according to proof;
2. Special damages in an amount according to proof;

3. Compensatory damages in an amount according to proof;

4. Costs of suit herein incurred;

5. Reasonable attorney's fees in an amount according to proof;

6. Prejudgment interest in an amount according to proof; and,

7. Such other relief as the court may deem proper.

ON THE THIRD CAUSE OF ACTION

1. General damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Compensatory damages in an amount according to proof;

4. Costs of suit herein incurred;

5. Reasonable attorney's fees in an amount according to proof;

6. Prejudgment interest in an amount according to proof; and,

7. Such other relief as the court may deem proper.

BODDIE & ASSOCIATES, P.C.

Date: April 10, 2022          /s/ Corey D. Boddie

COREY D. BODDIE
Attorney for Plaintiff

COMPLAINT FOR DAMAGES


# VERIFICATION

The undersigned for herself declares:

I am the Plaintiff in the above-entitled action. I have read the foregoing COMPLAINT and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: 4/11/2022

_____
MONIQUE MARVEZ

COMPLAINT FOR DAMAGES