COREY D. BODDIE, SBN 289185
ATTORNEY AT LAW
BODDIE & ASSOCIATES, P.C.
10940 WILSHIRE BLVD, SUITE 1600
LOS ANGELES, CA 90024
TEL.: (310) 873-3722
FAX.: (323) 999-5143
COREY@BODDIEASSOC.COM

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MARVEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UPROAR ENTERTAINMENT, a California Corporation, YOUTUBE, LLC, a Delaware Limited Liability Company and DOES 1-20 INCLUSIVE,<br><br>Defendant. | CASE NO. 2:22-cv-02866-SVW (MRW)<br><br>Date: December 19, 2022<br>Time: 1:30 p.m.<br>Location: Courtroom 10A<br>Judge: Hon. Stephen V. Wilson<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>File Date: April 29, 2022<br>Trial Date: None |

Plaintiff, MONIQUE MARVEZ ("Plaintiff Marvez" or "Marvez"), hereby submit her opposition to Defendant Uproar's Motion to Dismiss. The Plaintiff's First Amended Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter, and the Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendant's motion should be denied.

Defendant moves to dismiss Plaintiff's First Amended Complaint based on the ground that "Plaintiff fails to state a claim upon which relief can be granted".

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**LEGAL ARGUMENT**

I. <u>THE ALLEGATIONS IN THE COMPLAINT ARE SUFFICIENT TO ESTABLISH SUFFICIENT FACTUAL MATTER</u>

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). On a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986).

"Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" Dunn v. Castro, 621 F.3d 1196, 1205.

In the present matter the First Amended Complaint presents a detailed presentation of Plaintiff's assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Plaintiff's allegations against Defendant Uproar.

II. <u>DEFENDANT'S CLAIM THAT PLAINTIFF HAS NO REGISTERED COPYRIGHT INTEREST IN THE SUBJECT COMEDY ROUTINES</u>

In general, a plaintiff, in order to establish a copyright claim, must demonstrate that it holds a valid copyright in the relevant work, and that the protected work was copied by the defendant. *See Hasbro Bradley, Inc. v. Sparkle Toys, Inc.,* 780 F.2d 189, 192.

An original work which is creative in nature will generally receive greater copyright protection. *Ringgold v. Black Entertainment Television. Inc*., 126 F.3d 70.

COPYRIGHT ACT OF 1957 states "the act provides protection to dramatic, sound recordings, cinematography film, musical, literary, and artistic works." The Plaintiff is contending that her copyrighted material in this matter is both literary and artistic work.

Section 106 of the Copyright Act list certain rights that a copy right owner has when registering their trademark. The Plaintiff agrees with the Defendant's statement that the

Certificate of Registration from the United States Trademark Office for the Petition states that the Copyright Registration for a Group of Works Published on the Same Album.  The Certificate states the registration was issued pursuant to 37 C.F.R. pursuant to § 202.4(k).  Rule 202.4(k) states:

> **"Group registration of works on an album.** Pursuant to the authority granted by 17 U.S.C. 408(c)(1), the Register of Copyrights has determined that a group of two or more musical works, or two or more sound recordings and any associated literary, pictorial, or graphic works, may be registered with one application, the required deposit, and the filing fee required by § 201.3 of this chapter, if the following conditions are met:
> **(1) Eligible works.**
> **(i)** All of the works in the group must be contained on the same *album.* For the purposes of this section, an *album* is a single physical or electronic unit of distribution containing at least two musical works and/or sound recordings embodied in a phonorecord, including any associated literary, pictorial, or graphic works distributed with the unit.
> **(ii)** The group may include:
>     **(A)** Up to twenty musical works; or
>     **(B)** Up to twenty sound recordings and any associated literary, pictorial, or graphic works included with the same album."

The Plaintiff contends that her Certificate of Registration as to the sound recording and the associated literary of the joke which were included on the same album.  The Defendant's argument that the Copyright was only to the sound recordings is false.  The Certificate provided to the Plaintiff upon the Registration states that the Plaintiff created the sound records.  Should the Defendant had read further down on the Certificate they would have seen that even the Certificate states under Copyright Office that the sound recordings **and** any associated literary, pictorial, or graphic works may be registered if they requirements were met.  It is the Plaintiff's position that she has met all the requirements need and that the sound recordings and associated literary (jokes) are copyrighted to the Plaintiff.

//

//

//

3
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Further, 17 U.S.C. 102 states:

"**(a)** Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
  **(1)** literary works;

The exact work the Plaintiff is claiming she had copyrighted and the Registration Certificate names on it was her jokes which she claims is her literary work.  The Plaintiff is the original author of the jokes in the comedy act.  Additionally, the jokes are fixed in a tangible medium of expression as required under this section.

It is the Plaintiff's position and continues to be the Plaintiff's position that she has a copyright to not just the sound recordings but the literary work behind the sound records as well. Based upon the facts that the Plaintiff has all the recording and literary work copyrighted the Defendants individually and collectively infringed upon the Plaintiff's copyrighted work.  The Defendants state that no copyright infringement claim can be made by the plaintiff until registration of the martial is made.  It is the Plaintiff's position pursuant to her Certificates of Registration from the United States Trademark Office not only has the registration for the copyright been made it has been obtained by the Plaintiff years prior to the claim of infringement being made against the Defendants.

An original work which is creative in nature will generally receive greater copyright protection. *Ringgold v. Black Entertainment Television. Inc.*, 126 F.3d 70.

III.     PLAINTIFF'S OWNERSHIP OF COMEDY ROUTINES MATERIAL COMEDY ROUTINES AND UPROAR'S ALLOWED USAGE OF PLAINTIFF'S NAME AND LIKENESS

Recording Agreement dated December 26, 1997 paragraph 6 states:

"Artist grants to Uproar the right to use the name, approved likeness and approved biography of the featured Artist whose performance is embodied in said Sound Recording in connection solely with the advertising and sale of the Sound Recording.

(a) Artist must give Uproar requested changes and/or comments within 30 days of receiving edited cassette from Uproar. Further, Artist must give written final approval of finished master within 30 days of receipt of same or said master will be deemed approved for content by Uproar."

Recording Agreement dated December 26, 1997 paragraph 11 states:

"Artist retains 100% ownership of the material performed on said Master Sound Recording, however no ownership of the Master Sound Recording itself."

It is the position of the Plaintiff that the Recording Agreement between the parties allows the Defendant Uproar to use the Plaintiff's name, likeness and biography solely for the advertising and sale of the Sound Recording. The Defendant, Uproar, use the Plaintiff's name, likeness, and copyrighted material on YouTube for uses other than advertising and sales. The Plaintiff did not authorize the Defendants to upload her name, likeness, and/or copyrighted material to YouTube. It is also Plaintiff's belief that the Defendant Uproar is monetizing the copyrighted material on YouTube through selling and branding ads with other companies, as well as other monetization which is not related to the advertising and selling of the Sound Recording. Pursuant the Certificate of Registration that was issued pursuant to 37 C.F.R. pursuant to § 202.4(k) to the Plaintiff she is the sole owner of the material that was uploaded to YouTube without her approval or permission.

IV.   PLAINTIFF'S BREACH OF CONTRACT AND ACCOUNTING CLAIMS

It is the Defendant Uproar's position that the Recording Agreement Uproar the right to use and license the Master Sound Recordings. As stated in FAC ¶ 11, On December 26, 1997, the Plaintiff and UPROAR, a comedy entertainment company, entered into a recording agreement whereby Plaintiff assigned to UPROAR the exclusive rights to reproduce and distribute ONLY the Master Sound Recordings. The Defendant Uproar not only, did not address the fact that the Sound Recordings were uploaded to YouTube and licensed to Comedy World and granted them "all rights to produce for broadcast only, exhibit, transmit, cybercue, broadcast, advertise, market,

publicize, promote and sublicense…on terrestrial radio, satellite radio and internet and in connection with all derivative work herein…" ¶ FAC 35. These rights granted to Comedy World Inc. were more than the rights to reproduce and distribute. Also, YouTube is simply a platform to view video and hear audio, not to reproduce, distribute or even sale sound recordings. Moreover, YouTube is also a platform to monetize through ads and branding which it is Plaintiff's belief the Defendant Uproar participated in without Plaintiff's consent or even paying Plaintiff from advertising revenue. For such reasons, Defendant Uproar's Motion to Dismiss should be denied.

Defendant Uproar also asserts in their Motion to Dismiss, Plaintiff was paid according to the recording agreement by simply stating the "Plaintiff claims Uproar has paid her only $110.24 since December 26, 1997. Recording Agreement shows that Plaintiff received a $1,000 advance against royalties for the first album recorded, id., Ex. B ¶ 4(a), and the Addendum to the Recording Agreement shows Plaintiff received 100 CDs in lieu of an advance in or around June 2003 (approximately a $1,200 value) in payment for the second album recorded. Id., Ex. C. The Amended Complaint does not allege, nor can it, that Uproar failed to pay Plaintiff in accordance with these terms." The Defendant misstates FAC ¶ 13 whereby it states "Whereby Plaintiff has received $110.24 in **royalties** since 1997". Plaintiff never denies received $1,000 advance and 100 CDs valued at $200 in 1997. But since such time, she has only received $110.24 in royalties. Plaintiff is in disbelief that 2 albums over a 25 year period, which has been licensed and distributed many times has earned revenue of $110.24.

An action for an accounting has two elements: (1) "that a relationship exists between the plaintiff and defendant that requires an accounting" and (2) "that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal.App.4th 156, 92

In the present matter there is a relationship between the Defendant and the Plaintiff pursuant to the Recording Agreement which requires and accounting.  The Plaintiff is asserting that there is a balance due to her by the Defendant Uproar that can only be ascertained by an accounting in this matter.  The Plaintiff has previously requested an accounting from Defendant Uproar, but it is Plaintiff's belief that the financial statements are inaccurate and self-generated.

6
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Moreover, the Plaintiff further contents that based upon her claims of violation of her copyright by the Defendants and copyright infringement that she is entitled to a full account of funds derived from her copyrighted material which was used without her permission, which includes possible discovery from the source of such funds given to Defendant Uproar.

## CONCLUSION

In short based upon the Plaintiff's Registration Certificate for her copyrighted material which was used by the Defendant without the Plaintiff's permission and the Defendant's infringement of the Plaintiff's property and all asserted claims in the First Amended Complaint, the Plaintiff requests that the Defendant's Motion for Dismissal should be denied in its entirety including costs and attorney's fees.

DATED: 11/22/2022                Respectfully submitted,

BODDIE & ASSOCIATES, P.C.
COREY BODDIE, ESQ.

By: */s/ Corey D. Boddie*
        Corey D. Boddie, Esq.
        Attorneys for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is, Boddie & Associates, P.C., 10940 Wilshire Blvd, Suite 1600, Los Angeles, CA 90024 and my business email address is corey@boddieassoc.com.

On November 23, 2022, I electronically filed the foregoing document(s) described as **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND DECLARATION OF COREY D. BODDIE** through CM/ECF on the interested parties in this action at their last known address as set forth below by taking the action described below:

R. Anthony Young (SBN 202473)
CYLG, P.C.
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
tyoung@cylgpc.com

*Defendant, Uproar Entertainment*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 23, 2022, at Los Angeles, California.

*/s/ Corey D. Boddie*
Corey D. Boddie